UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


ARETHA RHONE,

       **Plaintiff,**

v.                                    **No.  SA-20-CV-00890-JKP**

SUSSAN WATTS, ATTORNEY FOR
PETITIONER; SUZANNE ROBINSON,
CASE MANAGER/WORKER; AND
NICOLE SOLIS, SUPERVISOR II
FAMILY BASED REGION 8;

       **Defendants.**


## MEMORANDUM OPINION AND ORDER

Before the Court is the efficacy of Plaintiff Aretha Rhone's claims as presented in her Complaint and in her Response to the Court's Order for More Definite Statement. *ECF Nos. 1,7,8*. Upon consideration, the Court concludes it must *sua sponte* dismiss Rhone's Complaint with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court is directed to close this case.

### Legal Standard

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pursuant to Federal Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factu-

al content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Rule 12(b)(6), a complaint must, on its face, show a bar to relief. Fed.R.Civ.P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F.Supp.2d 734, 737–38 (S.D.Tex. 1998).

A court addressing the adequacy of a pleading under Federal Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Furthermore, when ruling on a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

As a general rule, a district court may dismiss a complaint *sua sponte* for failure to state a claim as long as the procedure employed is fair. *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998); *Shawnee Intern., N.V. v. Hondo Drilling Co.,* 742 F.2d 234, 236 (5th Cir. 1984). Fairness in this context requires "both notice of the court's intention and an opportunity to respond." *Carroll v. Fort James Corp.,* 470 F.3d 1171, 1177 (5th Cir. 2006); *Bazrowx,* 136 F.3d at 1054. Notwithstanding their failure to plead sufficient facts, *pro se* plaintiffs should be provided ample opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-

CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts, therefore, typically allow *pro se* plaintiffs opportunity to amend the complaint when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. However, "[w]hen a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice." *Rodriguez v. U.S.*, 66 F.3d 95, 98 (5th Cir. 1995). Additionally, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff already alleged his or her best case. *Bazrowx,* 136 F.3d at 1054-55.

On September 1, 2020, Magistrate Judge Bemporad granted Rhone's application to proceed *in forma pauperis*. In the same Order, the Court also required Rhone to provide a more definite statement of her claims. ECF No. 7. The Court outlined and explained the reasons Rhone's assertions were improper and why her assertions did not provide basis for litigation in this federal court. The Court provided specific questions for Rhone to answer to assist her in providing information that would form the basis of a valid claim. The Order concluded by admonishing Rhone that, as submitted, her "Complaint appeared to be subject to dismissal for failure to state a claim for relief under 28 U.S.C. 1915(e)(2)(B)(ii)" and that if she failed to answer the questions, her cause could be dismissed.

Rhone responded to the Order on September 14, 2020 (ECF No. 8); however, the response still does not state a claim for relief. Rhone provides case law to support her answers to each question; however, it is not clear how this caselaw applies. Rhone reiterates her assertions regarding a pending proceeding in "Child Court" involving Child Protective Services, in which

3

she is a Respondent, *In re: Zion and Jaimarion Rhone*, No. 2019-CI-22841 (150th Jud. Dist. Bexar Cty.).

Even given the guidance, this Court cannot determine the basis for Rhone's claims or the specific injuries or prejudice she alleges to suffer. Construing her allegations broadly, it appears the issues raised in Rhone's Complaint and in her Response to the Court's Order for More Definite Statement should not be addressed in this Court, but rather, in the pending state lawsuit. As a general matter, constitutional "questions arising in state proceedings are to be resolved by the state courts." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). This Court cannot exercise jurisdiction to adjudicate a claim that would require it to review "injuries caused by state-court judgments." *Land & Bay Gauging, L.L.C. v. Shor*, 623 F. App'x 674, 679 (5th Cir. 2015). When the Court decides to exercise jurisdiction over a dispute in which a state lawsuit is already pending, it must consider a number of factors, including whether the federal law provides the rule of decision, and "whether the state court proceedings are inadequate to protect the federal court plaintiff's rights." *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 589 (5th Cir. 1994) (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983)). Without a plain statement of facts that address these issues, Rhone's complaint does not state a claim upon which relief can be granted, and it is subject to dismissal under 28 U.S.C. 1915(e)(2)(B)(ii).

Based upon these facts, Rhone was provided notice of the Court's anticipation and basis of a compulsory dismissal of her Complaint, as presented, and provided Rhone an opportunity to respond. *See Carroll,* 470 F.3d at 1177; *Bazrowx,* 136 F.3d at 1054. Because the Court gave Rhone specific questions, instructions and reasons her statements did not form basis for a claim in federal court, it provided Rhone ample opportunity to state a claim upon which relief can be granted. *See id*. Given her answers in the Response to the Court's Order for More Definite

Statement are duplicative of her assertions in her Complaint, it appears Rhone stated her best

case, which does not invoke this Court's jurisdiction. Consequently, this Court must dismiss the

Complaint with prejudice. *See Bazrowx,* 136 F.3d at 1054-55. The Clerk of Court is directed to

close this case.

It is so ORDERED.
SIGNED this 30th day of September, 2020.


_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE